IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | |
| v. | Case No. 25-CR-115-JFH |
| TOMMY LYNN BYRD, JR. | |
| **Defendant.** | |

### OPINION AND ORDER

Before the Court is an Opposed Motion to Dismiss ("Motion") filed by Defendant Tommy Lynn Byrd, Jr. ("Defendant"). Dkt. No. 24. Defendant seeks to dismiss the indictment for lack of specificity under Federal Rule of Criminal Procedure 12(b)(3)(B)(iii). *Id*. The Government filed a response in opposition. Dkt. No. 26. For the following reasons, the Motion [Dkt. No. 34] is GRANTED.

### BACKGROUND

On June 10, 2025, Defendant was charged by indictment with Count One: Assault with a Dangerous Weapon with Intent to do Bodily Harm in Indian Country, in violation of 18 U.S.C. §§ 113(a)(3), 1151, and 1153, and Count Two: Assault Resulting in Serious Bodily Injury in Indian Country, in violation of 18 U.S.C. §§ 113(a)(6), 1151, and 1153. Dkt. No. 2. Specifically, the indictment alleges that on or about January 9, 2025, Defendant "did assault Victim with a dangerous weapon, with intent to do bodily harm . . . [and] resulting in serious bodily injury . . . ." *Id*. at 1. This case is set on the Court's October 6, 2025 jury trial docket.

### DISCUSSION

Pursuant to Federal Rule of Criminal Procedure 7(c)(1), an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." "An

indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006) (quoting *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997)). "[W]here the indictment quotes the language of a statute and includes the date, place, and nature of illegal activity, it need not go further and allege in detail the factual proof that will be relied upon to support the charges." *United States v. Doe*, 572 F.3d 1162, 1173-74 (10th Cir. 2009) (emphasis added). However, the words of the statute alone are not sufficient if the statute itself does not adequately state the elements of the offense or if the words of the statute do not "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (internal citations and quotations omitted); *see also Dashney*, 117 F.3d at 1205. "Where guilt depends so crucially upon such a specific identification of fact, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute." *Russell v. United States*, 369 U.S. 749, 764 (10th Cir. 2015).

The Court finds that the indictment sets forth the words of the statute. Defendant has been charged with Assault with a Dangerous Weapon with Intent to do Bodily Harm in Indian Country, in violation of 18 U.S.C. §§ 113(a)(3), 1151, and 1153, and Assault Resulting in Serious Bodily Injury in Indian Country, in violation of 18 U.S.C. §§ 113(a)(6), 1151, and 1153. Section 113 makes it a crime to "[a]ssault with a dangerous weapon, with intent to do bodily harm" and to "[a]ssault resulting in serious bodily injury." 18 U.S.C. §§ 113(a)(3), (6).

However, the words of the statute alone do not set forth all the elements necessary to constitute an offense. To succeed on the Assault with a Dangerous Weapon with Intent to do Bodily Harm charge, the Government will have to prove beyond a reasonable doubt:

**First:**     The Defendant assaulted __;

**Second:**     The Defendant used a dangerous weapon;

**Third:**     The Defendant acted with the intent to do bodily harm;

**Fourth:**     Defendant was an Indian; and

**Fifth:**     The assault took place within Indian country in the Eastern District of Oklahoma within the territorial jurisdiction of the United States.

*See* Eighth Circuit Pattern Jury Instruction 6.18.113(3); *see United States v. Muskett*, 970 F.3d 1233, 1241 (10th Cir. 2020). In regard to the first element, the Government will be required to prove that Defendant assaulted a specific individual. Likewise, to succeed on the Assault Resulting in Serious Bodily Injury charge, the Government will have to prove beyond a reasonable doubt:

**First:**     The Defendant assaulted __;

**Second:**     As a result of the assault, __ suffered serious bodily injury;

**Third:**     Defendant was an Indian; and

**Fourth:**     The assault took place within Indian country in the Eastern District of Oklahoma within the territorial jurisdiction of the United States.

*See* Eighth Circuit Pattern Jury Instruction 6.18.113(6); *see also United States v. Zunie*, 444 F.3d 1230, 1233 (10th Cir. 2006). Again, the Government will be required to prove that Defendant assaulted a specific individual. Further, the Government will be required to prove that that specific individual suffered serious bodily injury as a result of the assault. Because the Government will be required to prove that the assault occurred as to a specific individual and prove that that specific individual suffered serious bodily injury, the identity of the individual is an essential element of the crimes charged and Defendant's guilt depends upon the identification of victim. For this

3

reason, the indictment must identify the victim.[1] Accordingly, the Court finds that the indictment is insufficient and must be dismissed pursuant to Fed. R. Crim. P. 12(b)(3)(B)(iii)

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Opposed Motion to Dismiss [Dkt. No. 24] is GRANTED and the indictment [Dkt. No. 2] is hereby DISMISSED WITHOUT PREJUDICE.

Dated this 26th day of August 2025.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

[1] The identification could be as simple as stating the victim's initials.