IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>     **Plaintiff,**<br><br>v.<br><br>**TOMMY LYNN BYRD, JR.,**<br><br>     **Defendant.** | Case No. 25-CR-115-JFH |

**OPINION AND ORDER**

  Before the Court is a Motion to Reconsider Opinion and Order ("Motion") filed by the United States of America ("Government"). Dkt. No. 30. The Government asks the Court to reconsider its Opinion and Order ("Order") [Dkt. No. 29] dismissing the indictment without prejudice.[1] *Id*. The Court's Order found that the indictment was insufficient because it failed to adequately identify the victim where the identity of the victim was an essential element of the crimes charged and Defendant Tommy Lynn Byrd, Jr.'s ("Defendant") guilt was dependent upon the identification of the victim. Dkt. No. 29 at 3-4. Defendant did not file a response to the Government's Motion. This matter is now ripe for decision.

  Although not explicitly provided for in the Federal Rules of Criminal Procedure, motions to reconsider are proper and cognizable in criminal cases. *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011). However, these motions are generally considered to be extraordinary relief,

---

[1] The Court notes that the Government also requests that this matter be set for hearing and further argument. Dkt. No. 30 at 1. However, in accordance with the Court's inherent power to manage its docket, and in the absence of a compelling showing of a need for a hearing or further argument, the Government's request for hearing is denied. *See e.g., Sec. & Exch. Comm'n v. Mgmt. Sols., Inc.,* 824 Fed.Appx. 550, 553 (10th Cir. 2020) (unpublished) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)).

and the trial court has discretion in determining whether such a motion should be granted or denied. *See e.g., Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). Grounds warranting a motion to reconsider are: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id*. at 1012. Additionally, reconsideration may be appropriate where "the court has misapprehended the facts, a party's position, or the controlling law." *Id*.

The Government here appears to base its Motion on the need to correct clear error or prevent manifest injustice. Dkt. No. 30. First, the Government argues that the use of "victim" does not result in a constitutionally deficient charging document. In support of this contention, the Government cites to three (3) Tenth Circuit cases. Dkt. No. 30 at 3-4. First, the Government cites *United States v. Moore*, 198 F.3d 793, 795-96 (10th Cir. 1999) for the proposition that "an erroneous reference to the victim is not fatal to the indictment." However, the indictment here did not contain an erroneous reference to the victim, but rather an intentional omission. This case is distinguishable. Next, the Government cites to *Parks v. Hargett*, 188 F.3d 519, 1999 WL 157431, *3 (10th Cir. Mar. 23, 1999) (unpublished)[2] and *United States v. Henke*, 2024 WL 630126, *1 (10th Cir. Feb. 15, 2024) (unpublished). However, neither of these cases are on point nor directly address the issue of the constitutional sufficiency of an indictment. *See Parks*, 188 F3d 519, *3 (specifically declining to decide whether the charging information in the case was sufficiently specific) and *Henke*, 2024 WL 630126 at *3 (the portion quoted by the Government was in

---

[2] The Court notes that the Government incorrectly cited to this case as *United States v. Hargett*. Dkt. No. 30 at 4. The Court further directs the Government to this Court's Chambers Rules which require that unpublished cases be cited using the Westlaw citation. CHAMBERS RULES FOR THE HON. JOHN F. HEIL, III, Rule 4(d), https://www.oked.uscourts.gov/sites/oked/files/JFH%20Eastern%20District%20Chambers%20Rules%202025.pdf.

reference to the Tenth Circuit's denial of an evidentiary hearing on the issue of ineffective assistance of counsel). The Court is not persuaded by these cases.

Next, the Government argues that the use of a victim's initials in the indictment does not provide sufficient protections for a victim's privacy, especially in the Eastern District of Oklahoma which "consists of 26 counties, many of which are made up of rural communities with small populations." *Id*. at 7. In support of this argument, the Government cites to several nonbinding cases and articles regarding the importance of victim privacy. While the Court agrees that victim privacy is important, it remains unpersuaded that the use of initials is insufficient to protect victim privacy, especially when balanced with a defendant's constitutional right to be sufficiently put on notice of the charges against which he must defend.

Finally, the Court is not satisfied with the alternative methods suggested by the Government. First, a bill of particulars cannot save an otherwise invalid indictment. *See Russell v. United States*, 369 U.S. 749, 770 (1962); *see also United States v. Francisco*, 575 F.2d 815, 819 (10th Cir., 1978); *United States v. Neal*, 692 F.2d 1296, 1302 (10th Cir., 1982). Next, creating an additional version of the indictment is contrary to the interests of judicial economy and is likely to burden the court system and create additional opportunities for confusion and error. The Court's holding in its Opinion and Order stands: the indictment must identify the victim, even if only by initials. Dkt. No. 29 at 3-4.

For the foregoing reasons, the Court finds that the Government's Motion does not demonstrate the need to correct clear error or prevent manifest injustice. Accordingly, the Government's Motion must be denied.

## CONCLUSION

IT IS THEREFORE ORDERED that the Government's Motion to Reconsider Opinion and Order [Dkt. No. 30] is DENIED.

Dated this 8th day of September 2025.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE